

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    1:05-CR-203 |
| Plaintiff, | |
| v. | Hon.   GORDON J. QUIST<br>       United States District Judge |
| TROY MATTHEW ULMER, | |
| Defendant. _____/ | |

## PLEA AGREEMENT

This constitutes the plea agreement between Troy Matthew Ulmer and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>.   The Defendant agrees to waive indictment and plead guilty to the Information. The Information charges the Defendant with attempted theft of trade secrets, in violation of Title 18, United States Code, Section 1832(a)(4).

2. <u>The Defendant Understands the Crime</u>.   In order for the Defendant to be guilty of violating Title 18, United States Code, Section 1832(a)(4), the following must be true:

   a. First, the defendant attempted to steal or appropriate without authorization from the owner proprietary information, including pricing, processing, and formulating information;
   b. Second, the defendant knew or believed that the information was a trade secret;
   c. Third, the defendant intended to convert the trade secret to the economic benefit of anyone other than the owner;
   d. Fourth, the defendant intended or knew the theft would injure the owner of the trade secret; and

  e.  Fifth, the trade secret was related to or was included in a product that was produced for or placed in interstate or foreign commerce.

The Defendant is pleading guilty because he is guilty of the charge described above.

3.  <u>The Defendant Understands the Penalties</u>.

The charge carries the following statutory penalties:

  a.  Maximum term of imprisonment: 10 years
  b.  Maximum supervised release term: 3 years
  c.  Maximum fine: $250,000.00
  d.  $100.00 Special Assessment
  e.  Restitution may be ordered

The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.  <u>Restitution</u>.  The Defendant agrees to make full restitution to J. Rettenmaier USA LP. The Government currently believes that the applicable amount of restitution is approximately $9,045. The parties recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

5.  <u>The Sentencing Guidelines</u>.  The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning

the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

6. <u>The United States Attorney's Office agrees:</u>

   a. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring any further charges against the Defendant for any activities related to the attempted theft of trade secrets known to the Government as of the date of this plea agreement.

   b. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a reduction of his offense level for acceptance of responsibility under §3E1.1 of the Sentencing Guidelines, provided the Defendant continues to satisfy the criteria for such a reduction. The Government certifies that the plea was timely and provided sufficiently in advance of trial to allow the Government to forego the expense of trial preparation.

7. <u>The Court is not a Party to this Agreement.</u> The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot,

for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

8. <u>This Agreement is Limited to the Parties</u>.   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement only resolves the criminal aspects of this case.

9. <u>Consequences of Breach</u>.   If the Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*United States v. Troy Matthew Ulmer*
*Case No. 1:05-CR-203*
*Plea Agreement*

10. <u>This is the Complete Agreement.</u>   This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings, or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

9/12/05
_____
Dated

_____
DANIEL Y. MEKARU
Assistant United States Attorney

*United States v. Troy Matthew Ulmer*
*Case No. 1:05-CR-203*
*Plea Agreement*

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_9/12/05_
Dated

_Troy M. Ulmer_
TROY MATTHEW ULMER
Defendant

I am Mr. Ulmer's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_9/12/05_
Dated

_Jeffrey J. O'Hara_
JEFFREY J. O'HARA
Attorney for Defendant